IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA HALL | ) | CASE NO.   1:15 cv 00797 |
| 4887 Mills Creek Ln. | ) | |
| N. Ridgeville, OH  44039 | ) | |
| | ) | JUDGE  JAMES GWINN |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND | ) | |
| c/o Barbara A. Langhenry, | ) | AMENDED COMPLAINT |
| Director of Law | ) | |
| 601 Lakeside Ave., Room 106 | ) | |
| Cleveland, OH  44114 | ) | |
| | ) | |
| GEORGE M. COX (Badge 163) | ) | |
| c/o Cleveland Police Department | ) | |
| 1300 Ontario St. | ) | |
| Cleveland, OH  44113 | ) | |
| | ) | |
| JEFFREY BUTCHER | ) | |
| c/o Cleveland Police Department | ) | |
| 1300 Ontario St. | ) | |
| Cleveland, OH  44113 | ) | |
| | ) | |
| Defendants | ) | |

COUNT ONE

1.  Plaintiff is a resident of Lorain County, Ohio

2.  On or about April 16, 2014 at 9:00 a.m., plaintiff was operating his motor vehicle,

eastbound on the eastern portion of the Cleveland Shoreway.

1

3.   At said time and place, plaintiff was pulled over by defendant Cleveland Police

   Officers Cox and Butcher, operating Cleveland police vehicles and plaintiff was then

   questioned by said police.

4.   Plaintiff was removed from his vehicle and required to submit to certain field sobriety

   tests whereupon defendant police officers placed plaintiff in handcuffs and placed

   plaintiff in a police vehicle.

5.   At that time, defendants Cleveland Police reportedly asked plaintiff if he would

   submit to a test for impaired driving.

6.   Pursuant to an affidavit executed by said defendants Cleveland Police, plaintiff

   refused to take such examination.

7.   Notwithstanding plaintiff's refusal, defendants Cleveland Police summoned the

   Cleveland EMS to the scene, directed the EMS officers to place plaintiff on a gurney

   and insert a needle in his arm and remove blood; all of the foregoing took place after

   plaintiff allegedly advised defendants that he did not desire to be tested, which

   constituted an assault to plaintiff.

8.   Thereafter defendants directed the Cleveland EMS to transport plaintiff to Cleveland

   Clinic Hospital at East 185th & Lakeshore Boulevard where in the emergency room

   said Cleveland Police Officers advised personnel that Joshua Hall was under arrest

   for operation of a motor vehicle while impaired and instructed medical personnel to

   obtain a urine sample from plaintiff.

9.   Medical Personnel obtained said urine sample and discussed plaintiff's condition with

   plaintiff.  It was the medical personnel's observation that plaintiff was not visibly

2

under the influence of any substance or impaired, that plaintiff was coherent, rational
and cooperative.  Medical records do not reflect any other exigent factors.

10. Thereafter defendant Cleveland Police Officers placed plaintiff under arrest for
OMVI and took plaintiff to a jail in the City of Cleveland where plaintiff was held for
approximately two days and despite plaintiff's request, plaintiff was not able to make
bail and plaintiff was not taken before a Magistrate until three days after he was taken
into custody, thus falsely arresting plaintiff.

11. Both the Cleveland EMS test and the Cleveland Clinic tests for alcohol were
negative.

12. Plaintiff says his rights have been violated by defendants City of Cleveland and
Cleveland Police Officers, to wit: Plaintiff was restrained against his will by the
Cleveland Police on the highway and had a needle placed in his arm against his will,
constituting the tort of assault.  There were no exigent circumstances and no search
warrant was issued, thereby violating plaintiff's rights with regards to search and
seizure under the Ohio Constitution and United States Constitution.  By taking this
action, the Cleveland Police have violated plaintiff's constitutional rights and existing
U.S. Supreme Court.  Further, by the taking the aforesaid actions, the Cleveland
Police and EMS have committed the tort of assault and by unlawfully arresting
plaintiff, the torts of kidnapping, false arrest and malicious prosecution against
plaintiff.  Said Cleveland Police Officers took such actions in the course of their
employment with the City of Cleveland and under alleged color of law.

13. By plaintiff being arrested, absent any evidence of incapacitation, plaintiff was falsely
arrested and wrongfully imprisoned without bail for approximately 48 hours.

14. Plaintiff has been assaulted, at the orders of the Cleveland Police, by virtue of the forced blood withdrawal with no exigent circumstances present.

15. As a result of defendants' actions, plaintiff lost his job as an engineer technician programmer and was unemployed for a number of months from a job plaintiff held in excess of one year.

16. Defendants' actions constituted malicious prosecution for the reason that there was no probable cause for defendants' actions against plaintiff.

17. As a further result of defendants' actions, plaintiff was unable to operate a motor vehicle until the Cleveland Municipal Court overturned his Administrative License Suspension and reinstated plaintiff's driving privileges.

18. Plaintiff's damages from the actions of these defendants are in excess of $25,000.00.

19. Defendants further executed an affidavit stating that plaintiff refused to take a test.  If this affidavit is true, then the defendants have committed a variety of criminal and tortuous acts against plaintiff, including kidnapping and assault.

20. If the aforesaid affidavit is false, then the defendants have committed the offense of perjury resulting in damages to plaintiff.

21. Upon belief and information, all allegations hereinbefore contained were taken by defendants while in their customary role as officers of the Cleveland Police Department and pursuant to the control and authority of the Cleveland Police Department.

22. Plaintiff says that after extensive pretrials in Cleveland Municipal Court under Case No. 2014 TRC 019932, that the City of Cleveland Prosecutor dismissed charges

against plaintiff which related to the operation of his vehicle and to any allegation that plaintiff was incapacitated in any way.

23. Plaintiff says that as a result of the extensive pretrials and motions necessary to demonstrate his innocence that plaintiff incurred legal fees in excess of $5,000.00 which were not necessary but for the actions of the Cleveland Police Officers.

24. By virtue of the foregoing, plaintiff says that his constitutional rights regarding false imprisonment, wrongful arrest, and search and seizure have been violated and that plaintiff is entitled to punitive damages, compensatory damages and attorney fees.

25. Plaintiff says that all of the foregoing actions were in direct contravention of <u>Missouri v. McNeely</u>, U.S. Supreme Court Case No. 11-425.

26. Attached hereto as exhibits are:

   1) Report of Law Enforcement Officer Administrative License Suspension Notice of Possible CDL Disqualification
   2) Traffic tickets issued to plaintiff
   3) EMS Reports
   4) Summary Reports Euclid Clinic Hospital

## COUNT TWO

27. Plaintiff incorporates all prior allegations as if fully rewritten herein.

28. Plaintiff believes and therefore avers that the reason for defendants' actions are that they were inadequately trained, inadequately supervised and unaware of the standards set forth by Ohio and Federal law, thus creating a negligence by the City of Cleveland in its supervision of its police officers and making the City of Cleveland liable for the actions of the officers in respondeat superior and liable directly to plaintiff by virtue of the City's failure to adequately supervise its police officers due to the fact that had the Cleveland Police Officers been properly trained, said Officers would have been

aware of the provisions of the United States and Ohio Constitutions and the findings of the U.S. Supreme Court in the *McNeely* case which require a search warrant absent exigent circumstances to take the actions taken and the Officers would have known that by arresting and incarcerating defendant for two days for a minor misdemeanor for an unsafe vehicle (which Joshua Hall was convicted) that such incarceration and imprisonment, absent a showing of probable cause, was improper and contrary to the laws of the City of Cleveland and State of Ohio.

WHEREFORE, plaintiff demands:

1. Compensatory judgment in the amount of $25,000.00 or such other amount as may be shown proper;

2. Attorney fees, both to reimburse for monies spent in the defense in the criminal case and attorney fees incurred in the bringing of this action;

3. Punitive damages against defendants for:
   a) Wrongful arrest;
   b) Malicious prosecution;
   c) Illegal and improper search and seizure
   d) Assault
   e) Kidnapping
   f) Perjury

   all done without color of law and contrary to the Constitutions and Law of the United State of Ohio;

4. And for such other relief as is just and equitable.


*/s/Kent R. Minshall, Jr.*_____
KENT R. MINSHALL, JR. (0032453)
Attorney for Plaintiff
2189 Professor Ave., Cleveland, OH 44113
(216) 357-5900; fax (216) 357-2780
minlawcleve@yahoo.com

6

CERTIFICATE OF SERVICE

I certify that on July 20, 2105 the within Amended Complaint was filed electronically via the Court's electronic filing system.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

/s/KENT R. MINSHALL, JR_____
KENT R. MINSHALL, JR. (0032453)
Attorney for Plaintiff

7