UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                             :
JOSHUA HALL,                                 :
                                             :   CASE NO. 1:15-CV-797
         Plaintiff,                          :
                                             :
v.                                           :   OPINION & ORDER
                                             :   [Resolving Doc. 20]
CITY OF CLEVELAND, ET AL.,                   :
                                             :
         Defendants.                         :
                                             :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Joshua Hall brings this suit under 42 U.S.C. § 1983 against two Cleveland police officers and the City of Cleveland.[1] His claims come from an arrest by the Defendant officers, who suspected Plaintiff to be driving under the influence, called EMS and allegedly had the EMS take a blood test against Plaintiff's wishes.[2] Defendant City of Cleveland moves to dismiss the § 1983 claim against it, arguing that the complaint fails to state a claim for which relief can be granted.[3] Plaintiff opposes.[4]

For the following reasons, the Court **DENIES** Defendant City of Cleveland's motion to dismiss.

**I. Background**

As relevant for the purposes of this motion, Plaintiff's complaint alleges that on April 16,

---

[1]/Doc. 18.
[2]/*Id.*
[3]/Doc. 20.
[4]/Doc 22. Defendant City filed a reply brief. Doc. 31.

Case No. 1:15-CV-00797
Gwin, J.

2014, at 9:00 a.m., the Defendant police officers pulled Plaintiff over on the Cleveland Shoreway. After submitting to a field sobriety test, Plaintiff refused to submit to a second test for impaired driving.[5] The police officers then summoned Cleveland EMS, and allegedly directed the EMS to take a blood sample against Plaintiff's wishes.[6] The EMS officers took the sample. Then, the Plaintiff was taken to a nearby hospital, where medical personnel took a urine sample.

Plaintiff was ultimately charged with operating a motor vehicle while intoxicated.[7] He was held for three days.[8] He was not brought before a Magistrate until the third day.[9]

Both the field blood test and the hospital urine test were negative for alcohol.[10]

Count I of the complaint, alleged against the Defendant officers, states that "[b]y virtue of the foregoing, plaintiff says that his constitutional rights regarding false imprisonment, wrongful arrest, and search and seizure have been violated and that plaintiff is entitled to punitive damages, compensatory damages and attorney fees."[11]

Count II makes claim against the City, and is the subject of this motion. It is a single sentence that runs the length of one paragraph:

> Plaintiff believes and therefore avers that the reason for defendants' actions are that they were inadequately trained, inadequately supervised and unaware of the standards set forth by Ohio and Federal law, thus creating a negligence by the City of Cleveland in its supervision of its police officers and making the City of Cleveland liable for the actions of the officers in *respondeat superior* and liable directly to plaintiff by virtue of the City's failure to adequately supervise its police officers due to the fact that had

---

[5] Doc. 18 at ¶¶ 4-6.
[6] *Id.* at ¶ 7.
[7] *Id.* at ¶ 10.
[8] *Id.* The complaint is inconsistent on this point. At other points it states that Plaintiff was held for two days rather than three.
[9] *Id.*
[10] *Id.* at ¶ 11.
[11] *Id.* at ¶ 24.

Case No. 1:15-CV-00797
Gwin, J.

the Cleveland Police Officers been properly trained, said Officers would have been aware of the provisions of the United States and Ohio Constitutions and the findings of the U.S. Supreme Court in the *McNeely* case which require a search warrant absent exigent circumstances to take the actions taken and the Officers would have known that by arresting and incarcerating defendant for two days for a minor misdemeanor for an unsafe vehicle (which Joshua Hall was convicted) that such incarceration and imprisonment, absent a showing of probable cause, was improper and contrary to the laws of the City of Cleveland and State of Ohio.[12]

The parties agree that Count II is a § 1983 claim.[13] In particular, the Count alleges what is called a *Harris* claim, in which the City of Cleveland is said to be liable because it "inadequately trained" and "inadequately supervised" the officers who pulled Plaintiff over.[14]

The City of Cleveland moves to dismiss this count, arguing that Plaintiff has not provided sufficient factual basis for the claim to overcome the pleading standard set in *Twombly* and *Iqbal*. Plaintiff opposes.

## II. Discussion

*A. Motion to Dismiss Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[15] The plausibility requirement is not a "probability requirement."[16] The Plaintiff need not try to prove his case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[17]

Federal Rule of Civil Procedure 8 provides the general pleading standard and only requires

---

[12] *Id.* at ¶ 28.
[13] Doc. 20 at 6; Doc. 22 at 3.
[14] *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) (holding that cities can be liable under § 1983 when a plaintiff can show deliberate indifference in training and supervision).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Id.*
[17] *Id.*

Case No. 1:15-CV-00797
Gwin, J.

that a complaint "contain ... a short plain statement of the claim showing that the pleader is entitled to relief."[18] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[19] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[20]

### B. Harris *claims*

To seek relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing that he was deprived of a right secured by the Constitution or law of the United States by a person acting under color of law. A municipality is a "person" for the purposes of § 1983.[21] However, a municipality is only liable when its own policy or custom causes the injury.[22] By contrast, a municipality is not liable for the acts of its employees under a theory of *respondeat suprior*.[23]

A plaintiff can prove a municipality's improper policy or custom by showing a policy of inadequate training or inadequate supervision.[24] To succeed with an inadequate training claim, a plaintiff must prove: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was

---

[18] Fed.R.Civ.P. 8(a)(2).
[19] *Iqbal*, 556 U.S. at 678–79 (citations omitted).
[20] *Id.*
[21] *Monell v. Dep't of Social Servs. Of City of N.Y.*, 436 U.S. 658 at 690 (1978)
[22] *Id.* at 691.
[23] *Id.*
[24] *Harris*, 489 U.S. at 388; *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Case No. 1:15-CV-00797
Gwin, J.

closely related to or actually caused the injury."[25]

However, to survive a motion to dismiss, a party is not required to prove his claim. Rather, the question is whether the claim is sufficiently pled. The Sixth Circuit has held that for a § 1983 claim against a municipality to survive a motion to dismiss, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen."[26]

*C. Analysis*

The parties agree that Count II attempts to state a § 1983 *Harris* claim for the City's inadequate training and supervision of the Defendant police officers.

Count II survives Defendant City of Cleveland's motion to dismiss. Plaintiff has identified violations of federal rights: namely the Fourth Amendment's protections against warrantless, nonconsensual blood-testing in the absence of exigent circumstances and protections against arrest in the absence of probable cause. Plaintiff's complaint addresses the City's actions in training and supervising the officers, which are actions taken under the color of state law. And the Complaint alleges that the City's actions caused the violations to happen. Count II states that "had the Cleveland Police Officers been properly trained," the Officers would not have drawn Plaintiff's blood or put him under arrest. Count II is well-pled.

Defendant City of Cleveland's citations to the contrary are not persuasive. *Hill v. City of*

---

[25] *Ellis* ex rel. *Pendergrass v. Cleveland Mun. School Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).
[26] *Bright v. Gallia County, Ohio*, 753 F.3d 639, 660 (6th Cir. 2014).

Case No. 1:15-CV-00797
Gwin, J.

*Cincinnati*[27] and *Johnson v. Gannon*[28] are unreported cases from other districts, decided before the Sixth Circuit's most recent articulation of the requirements for a § 1983 claim against a municipality to survive a motion to dismiss. While *Scrap Yard LLC v. City of Cleveland*[29] has some convenient language for Defendant, the underlying Report & Recommendation it adopts makes clear that the complaint in that case is not similar to the one here. In *Scrap Yard*, the complaint did not allege that the violations were the result of a policy or custom of the City of Cleveland.[30] Lastly, *Thomas*[31] and *Royles v. Springfield Township, Ohio*[32] were at the summary judgment stage, requiring the plaintiffs to show evidentiary support for their substantive claim.

Defendant is correct, however, that a claim cannot be maintained against the City under a theory of *respondeat superior*. Although Count II uses those words, it appears that it is properly construed as a *Harris* claim. And as a *Harris* claim, it survives the motion to dismiss.

The Court **DENIES** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: November 4, 2015                 s/         *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[27] No. 1:09-cv-800, 2010 WL 3257725 (S.D. Ohio July 16, 2010).
[28] No. 3:09-cv-0551, 2010 WL 1658616 (M.D.Tenn. Apr. 23, 2010).
[29] No. 1:10-cv-2465, 2011 WL 2900571 (N.D.Ohio Sept. 6, 2011).
[30] No. 1:10-cv-2465, 2011 WL 3900574 (N.D.Ohio June 23, 2011).
[31] 398 F.3d 426 (6th Cir. 2005).
[32] No. 1:06-cv-376, 2009 WL 483826 (S.D. Ohio Feb. 25, 2009).